NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250715-U

NO. 4-25-0715

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 5, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ADRIAN THOMAS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Brown County |
| LATOYA HUGHES, in Her Official Capacity as | ) | No. 24MR11 |
| Director of the Department of Corrections, and | ) | |
| BRITTANY GREENE, in Her Official Capacity as | ) | Honorable |
| Warden of Western Illinois Correctional Center, | ) | Jerry J. Hooker, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Doherty and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:     The appellate court affirmed, finding plaintiff's due process rights were not
violated where no liberty interest was alleged.

¶ 2     In June 2024, plaintiff, Adrian Thomas, an inmate of the Illinois Department of
Corrections (IDOC), was found guilty of a disciplinary offense for refusing direct orders for a
new housing assignment. In September 2024, he filed a petition for a common law writ of
*certiorari* in the circuit court. Defendants, Latoya Hughes, IDOC director, and Brittany Greene,
then warden at the facility, filed a combined motion to dismiss pursuant to section 2-619.1 of the
Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2024)), which the court granted. On appeal,
plaintiff argues his due process rights were violated, even in the absence of a protected liberty
interest, where he was found guilty of refusing direct orders without evidence. We disagree and
affirm.

¶ 3                              I. BACKGROUND

¶ 4          In June 2024, plaintiff was served with a disciplinary report, alleging he had refused three direct orders from Lieutenant Dustin Genenbacher to accept a new housing assignment to restrictive housing, in violation of Department Offense No. 215. See 20 Ill. Admin. Code 504.Appendix A (West 2017) (disobeying a direct order essential to safety and security for "refusing a designated housing assignment"). Plaintiff pleaded not guilty, and the matter proceeded to a hearing before the adjustment committee.

¶ 5          The adjustment committee issued a final summary report containing a record of proceedings, stating plaintiff had (1) requested Genenbacher's presence for questioning at the hearing, (2) denied there was evidence to support a violation of offense No. 215, and (3) requested the committee review security video. The report also stated no witnesses were requested. The committee explained the basis of its finding: "After review of the camera and witnessing multiple staff members seen conducting moves of individuals in Custody and appeared to be talking to the occupant of where [plaintiff] was housed alone but the individual not moving out of that cell." The committee concluded it was reasonably satisfied plaintiff was guilty of violating offense No. 215. The committee recommended seven days of segregation as the disciplinary action.

¶ 6          In September 2024, plaintiff filed a petition for a common law writ of *certiorari* in the circuit court to appeal the committee's decision. His petition disputed that the evidence had shown Genenbacher gave him any direct orders or that he was even present in his cell at the time of the offense. Additionally, he claimed the committee failed to take statements from other correctional officers, and the committee's findings were conclusory.

¶ 7          Defendants filed a combined motion to dismiss, contending plaintiff's petition

was (1) legally insufficient for failing to allege a liberty interest violated by the disciplinary proceedings and, alternatively, (2) plaintiff had received all requisite due process.

¶ 8        In June 2025, following a hearing, the circuit court entered a written order granting defendants' motion to dismiss. The court stated *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Sandin v. Conner*, 515 U.S. 472 (1995), were controlling. The court found plaintiff had not been deprived of a liberty interest because he only spent seven days in segregation and did not lose any "good time" credits. The court also said plaintiff had received due process when he was notified of the disciplinary action at least 24 hours prior to the hearing, had an opportunity to call witnesses and present evidence, and received the committee's final report explaining the basis for its decision.

¶ 9        This appeal followed.

¶ 10                           II. ANALYSIS

¶ 11        "A common-law writ of *certiorari* is the general method for obtaining circuit court review of administrative actions when the act conferring power on the agency does not expressly adopt the Administrative Review Law (735 ILCS 5/3-101 *et seq.*) (West 2014)) and the act provides for no other form of review." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 67. "Accordingly, properly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*. *Id.* "The standards of review under a common law writ of *certiorari* are essentially the same as those under the Administrative Review Law." *Hanrahan v. Williams*, 174 Ill. 2d 268, 272 (1996). "A claim that an administrative proceeding violated an individual's right to due process presents a question of law and, therefore, is subject to *de novo* review." *Wolin v. Department of Financial & Professional Regulation*, 2012 IL App (1st) 112113, ¶ 25.

¶ 12　　　　On appeal, plaintiff contends his due process rights were violated when he was simultaneously found guilty of misconduct *without any* evidence of guilt while also conceding *some* evidence, namely Genenbacher's written report, was utilized by the committee. Moreover, he argues he need not demonstrate a legally cognizable liberty interest where no evidence exists to support the committee's final decision.

¶ 13　　　　"The due process clauses of the federal and Illinois Constitutions protect against the deprivation of liberty or property without due process of law." *Hill v. Walker*, 241 Ill. 2d 479, 485 (2011). As such, due process rights are "triggered only when a constitutionally protected liberty or property interest is at stake." *Id.* "Therefore, the starting point in any procedural due process analysis is a determination of whether one of those protectable interests is present, for if there is not, no process is due." (Internal quotation marks omitted.) *Id.*

¶ 14　　　　We begin by noting the adjustment committee's final summary report clearly stated it had relied on Genenbacher's written report *and* it had reviewed security video of the incident to conclude it was reasonably satisfied plaintiff had committed the offense. Therefore, plaintiff's primary factual contention he was found guilty absent any evidence is simply false. In his brief before this court, plaintiff argues the security video does not support Genenbacher's allegations. However, the security video is not a part of the record for our review. Plaintiff, as the

> "appellant[,] has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the [circuit] court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 15        Nonetheless, even if plaintiff had provided the security video, he has still failed to allege a liberty interest. Indeed, he appears content arguing he need not allege a liberty interest to contend his due process rights have been violated. However, an inmate's mere disciplinary confinement in segregation does not, by itself, create a liberty interest. *Sandin*, 515 U.S. at 486. Because there is no alleged liberty interest present, plaintiff's entire due process claim fails. *Hill*, 241 Ill. 2d at 485; see *Williams v. Ramos*, 71 F. 3d 1246, 1250 (1995) ("Where there is no liberty interest, there can be no due process violation.").

¶ 16                              III. CONCLUSION

¶ 17        For the reasons stated, we affirm the circuit court's judgment.

¶ 18        Affirmed.